## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABC CAPITAL INVESTMENTS, :LLC | ) | |
| | ) | |
| Plaintiff | ) | Civil    Action    No.    2:17-cv-04980 |
| v. | ) | |
| | ) | |
| NATIONWIDE RENTSURE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIONWIDE EVICTION | ) | |
| | ) | |
| Defendants    ---- | ) | |
| NATIONWIDE RENTSURE | ) | |
| | ) | |
| Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| NATIONWIDE COURT SYSTEMS, LLC | ) | |
| | ) | |
| Third-Party Defendant | ) | |
| | ) | |
| | ) | |

### DEFENDANT, NATIONWIDE EVICTION, LLC'S (INCORRECTLY CAPTIONED AS "NATIONWIDE EVICTION") ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Nationwide Eviction, LLC (incorrectly captioned as "Nationwide Eviction") ("Answering Defendant"), hereby answers Plaintiff's Complaint, and in support thereof, avers as follows:

1.   Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

2.   Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant is licensed to sell and hold insurance policies without limitation and/or makes any representations with respect to Plaintiff. It is further denied that Answering Defendant has an address of 5446 DTC Parkway, Greenwood Village, CO 80111. It is admitted only that Answering Defendant is a limited liability company which develops and maintains software that allows clients to provide insurance and other services surrounding eviction operations, with a principal office and members located in North Carolina. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

3.   Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

4.   Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

## JURISDICTION

5.   Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

6.   Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

7.   Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

8.   Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

## FACTS

9.   Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant entered into any policies directly with Plaintiff. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

10. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant entered into any policies directly with Plaintiff or marketed directly with Plaintiff. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this

paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

11. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant directly provided any insurance to Plaintiff. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

12. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

13. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable

investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

14. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

15. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

16. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be

denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant ever acted in bad faith, at any time material hereto. To the contrary, at all times material hereto, Answering Defendant complied with all standards of care applicable to its conduct and in no way acted in bad faith. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

17. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant ever failed to honor their promises and/or contracts and/or acted in bad faith, at any time material hereto. To the contrary, at all times material hereto, Answering Defendant complied with all standards of care applicable to its conduct, in no way breached any contracts and/or promises, and in no way acted in bad faith. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

## COUNT I
## BREACH OF CONTRACT

18. This is an incorporating paragraph to which no responsive pleading is required.

6

19. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant intentionally refused to do anything it was obligated to do. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

20. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant intentionally refused to do anything it was obligated to do. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

21. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to the cause and/or extent of

Plaintiff's alleged damages, and all allegations regarding same are denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

22. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to the cause and/or extent of Plaintiff's alleged damages, and all allegations regarding same are denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

## COUNT II
## UNJUST ENRICHMENT

23. This is an incorporating paragraph to which no responsive pleading is required.

24. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant was unjustly enriched in any way. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the conduct of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

25. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied

that Answering Defendant intentionally refused to do anything it was obligated to do. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the conduct of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

26. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that any retention of benefits conferred onto Answering Defendant would be unjust and/or inequitable. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the conduct of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

27. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that any retention of benefits conferred onto Answering Defendant would be unjust and/or inequitable. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the conduct of

Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

## COUNT III
## BAD FAITH

28. This is an incorporating paragraph to which no responsive pleading is required.

29. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

30. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish its responsibilities to Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

31. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant directly provided any insurance to Plaintiff. It is further denied that Answering Defendant ever acted in bad faith, at any time material hereto. To the contrary, at all times material hereto, Answering Defendant complied with all standards of care applicable to its conduct and in no way acted in bad faith. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

32. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant directly provided any insurance to Plaintiff and/or acted in bad faith at any time material hereto. To the contrary, at all times material hereto, Answering Defendant complied with all standards of care applicable to its conduct and in no way acted in bad faith. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

33. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant was reckless at any time material hereto. To the contrary, at all times material hereto, Answering Defendant acted with due care under the circumstances, complied with all standards of care applicable to its conduct, and in no way caused or contributed to Plaintiff's alleged damages, with the same being denied. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to

11

form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

34. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant was "wanton, reckless, [and/or] outrageous" at any time material hereto. To the contrary, at all times material hereto, Answering Defendant acted with due care under the circumstances, complied with all standards of care applicable to its conduct, and in no way caused or contributed to Plaintiff's alleged damages, with the same being denied. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. After reasonable investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph pertaining to the cause and/or extent of Plaintiff's alleged damages, and all allegations regarding same are denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

**COUNT IV**
**CONVERSION**

35. This is an incorporating paragraph to which no responsive pleading is required.

36. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. Strict proof of the averments contained in this paragraph is demanded at the time of trial.

37. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant abused its discretion or engaged in any form of "protracted delay." To the contrary, at all times material hereto, Answering Defendant acted with due care under the circumstances, complied with all standards of care applicable to its conduct, and in no way caused or contributed to Plaintiff's alleged damages, with the same being denied. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

38. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that any retention of benefits conferred onto Answering Defendant would be unjust and/or inequitable. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities. After reasonable

investigation, Answering Defendant is also without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph pertaining to the nature, cause, and/or extent of Plaintiff's alleged damages, and all allegations regarding same are denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

## COUNT I [*SIC*] V
## FRAUD

39. This is an incorporating paragraph to which no responsive pleading is required.

40. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant made any intentional false representation or engaged in any other activity that was otherwise illegal at any time material hereto. To the contrary, at all times material hereto, Answering Defendant acted with due care under the circumstances, complied with all standards of care applicable to its conduct, and in no way caused or contributed to Plaintiff's alleged damages, with the same being denied. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

41. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied that Answering Defendant made any "knowing" false statements, claims, and/or representations

to any person or party at any time material hereto. To the contrary, at all times material hereto, Answering Defendant acted with due care under the circumstances, complied with all standards of care applicable to its conduct, and in no way caused or contributed to Plaintiff's alleged damages, with the same being denied. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, inasmuch as Plaintiff has failed to distinguish the responsibilities of Answering Defendant and Nationwide Rentsure, two separate entities Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

42. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph the cause and/or extent of Plaintiff's alleged damages, and all allegations regarding same are denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

43. Denied. The averments contained in this paragraph state conclusions of law to which no responsive pleading is required, and all allegations regarding same are deemed to be denied. However, to the extent that an answer may be deemed necessary, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to the cause and/or extent of Plaintiff's alleged damages, and all allegations regarding same are denied. Strict proof of the allegations contained in this paragraph is demanded at the time of trial.

**WHEREFORE,** Answering Defendant, Nationwide Eviction, LLC, denies any liability whatsoever and demands judgment in its favor together with costs, attorneys' fees, and other such relief as this Court deems just.

## FIRST AFFIRMATIVE DEFENSE

44. Answering Defendant hereby incorporates by reference the preceding paragraphs of its Answer as though the same were set forth herein at length.

## SECOND AFFIRMATIVE DEFENSE

45. The applicable Statute of Limitations may have expired prior to the institution of this action.

## THIRD AFFIRMATIVE DEFENSE

46. The allegations contained within Plaintiff's Complaint pertain to a party other than Answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

47. Plaintiff may have failed to state a cause of action upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

48. Answering Defendant breached no duty to the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

49. Answering Defendant's conduct was not "malicious, wanton, reckless, willful, or oppressive" in any way whatsoever.

## SEVENTH AFFIRMATIVE DEFENSE

50. Answering Defendant did not act in bad faith.

## EIGHTH AFFIRMATIVE DEFENSE

51. Answering Defendant was not unjustly enriched.

### NINTH AFFIRMATIVE DEFENSE

52. Answering Defendant had no direct contract with the Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred and/or limited pursuant to the Doctrine of Accord and Satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred and/or limited pursuant to the Doctrine of Consent.

### TWELFTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred by the gist of the action doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred due to the parties' lack of consideration.

### FOURTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred and/or limited pursuant to the Doctrine of Waiver and/or Estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred by the Statute of Frauds.

### SIXTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred and/or limited by the Doctrine of Acquiescence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

60. At all material times, Answering Defendant acted with due care and complied with applicable statutory and common law requirements. Accordingly, some or all of Plaintiff's claims are or may be barred by Answering Defendant's compliance with all applicable laws.

### EIGHTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred and/or limited due to its failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred and/or limited because the allegations contained in the Complaint are vague, ambiguous, and uncertain.

## TWENTIETH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred because the contracts at issue are indefinite.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred because there was a mutual mistake of fact as to the terms of the contracts.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred because Plaintiff fraudulently induced Answering Defendant to enter into the subject contract.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

66. Plaintiff's claims are otherwise barred by fraud on the part of the Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred and/or limited by the Doctrine of Justification.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred and/or limited by the Doctrine of Laches.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred based on the lack of payment by Plaintiffs.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred and/or limited by the Doctrine of Privilege.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred and/or limited by the Doctrine of Release.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred by the Doctrine of Res Judicata.

## THIRTIETH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred based on the defense of truth.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred because the contracts that the parties entered into are unconscionable.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred or alternatively, any amount of damages should be reduced, according to the doctrine of substantial performance.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

76. Answering Defendant did not engage in conversion.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

77. Answering Defendant did not act in any type of fraud whatsoever.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

78. Answering Defendant reserves the right to assert at the time of trial any and all affirmative defenses revealed through discovery.

**WHEREFORE,** Answering Defendant, Nationwide Eviction, LLC, denies any liability whatsoever and demands judgment in its favor together with costs, attorneys' fees, and other such relief as this Court deems just.

**COUNTERCLAIM AGAINST NATIONWIDE RENTSURE PURSUANT TO *FEDERAL RULE OF CIVIL PROCEDURE* 13(g)**

79. Answering Defendant incorporates by reference the preceding paragraphs of its Answer and New Matter as though the same were set forth at length herein.

80. If Plaintiff is entitled to recovery as set forth in Plaintiff's Complaint, which injuries and damages are specifically denied, Defendant, Nationwide Rentsure, is solely liable to said Plaintiff and/or liable over to Answering Defendant and/or jointly and severally liable over to Answering Defendant for any alleged injuries, losses and/or damages which may have been suffered by Plaintiff.

81. The incident as alleged in Plaintiff's Complaint was not caused by the conduct of Answering Defendant and if Plaintiff suffered any alleged injuries, losses, and/or damages as alleged, said injuries, losses, and/or damages were caused by the liability producing conduct of Defendant, Nationwide Rentsure, who is solely liable to Plaintiff and/or jointly and/or severally liable to Plaintiff and/or liable over to Answering Defendant.

82. If Plaintiff recovers any verdict amount against Answering Defendant, Answering Defendant demands judgment in the amount of the verdict or full indemnity and contribution according to the law against Defendant, Nationwide Rentsure.

**WHEREFORE,** Answering Defendant, Nationwide Eviction, LLC, denies any liability whatsoever and demands judgment in its favor together with cots, attorneys' fees, and other such relief as this Court deems just.

POST & SCHELL, P.C.

*Erika Page*

_____

MARK H. PERRY, ESQUIRE
ERIKA M. PAGE, ESQUIRE
**Dated: May 17, 2018**                    ATTORNEYS FOR DEFENDANT,
NATIONWIDE EVICTION, LLC

## <u>CERTIFICATE OF SERVICE</u>

ERIKA M. PAGE, ESQUIRE hereby states that a true and correct copy of the foregoing

Answer to Plaintiff's Complaint is to be electronically filed with the Court and served

electronically by the Court upon counsel of record.

**POST & SCHELL, P.C.**

*Erika Page*
_____
MARK H. PERRY, ESQUIRE
ERIKA M. PAGE, ESQUIRE
ATTORNEYS FOR DEFENDANT,
NATIONWIDE EVICTION, LLC

**Dated: May 17, 2018**